# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40710
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO ATRIANO-CUAHUTLE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-181

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Francisco Atriano-Cuahutle pleaded guilty to an indictment charging a violation of 18 U.S.C. § 111 and was sentenced within the guidelines range to 21 months of imprisonment. He now appeals, arguing that this court should vacate and remand for correction of the clerical errors in the judgment and the presentence report (PSR). Atriano-Cuahutle contends that he was charged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40710

with and pleaded guilty to resisting, opposing, impeding, intimidating, and interfering with a federal officer and not to assaulting a federal officer, as the offense is described in the judgment and the PSR. He asserts that assault of a federal officer is a separate and distinct offense from the others with which he was charged, despite the fact that the offenses are proscribed by the same statute and punished in the same manner.

Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. A clerical error occurs when the court intends to do one thing but through clerical mistake or oversight does another. *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).

Regardless of whether the § 111 offense of assault is separate and distinct from the § 111 offense of resisting, opposing, intimidating, and impeding, the record shows that the district court's description of the offense is not a clerical error. The court did not err in recitation and did not do something unintended through mistake or oversight. *See Buendia-Rangel*, 553 F.3d at 379. The district court intended for the PSR and the judgment to describe the offense of conviction as an assault.

The judgment of the district court is AFFIRMED.